## BANK OF MICHIGAN *vs.* JOHN R. WILLIAMS.

A plea of a former suit pending in another court for the same action, must set forth the general character and objects of the former suit, and the relief prayed for.

A motion to open a default on the affidavit of the solicitor that the defendant had, as he believed, a good defence by way of setoff, to a part, at least, of the amount claimed in the bill, was refused on the ground that no reason was shown why the affidavit was not made by the party defendant instead of the solicitor.

*1840. First Circuit.*

Bank of Michigan *vs.* Williams.

.The plea to the bill filed in this case, states that another suit is pending in the supreme court for the same cause, and for the like relief prayed by the bill filed in this court.

October 6.

JOY and PORTER, for complainant.

The plea filed in this suit, is in itself. defective, radically. It does not meet any portion of the bill filed in the supreme court which can make it appear to this court that both bills were for the same identical matter, which ought to have been done. So much of the first bill should have been set up in the plea as would make it appear that the same matter was involved in both. (*See Story's equity pleadings,* 570; *Beame's pleas in equity,* 140.) In pleas of this sort, says Story, there are several matters essential to their validity. The pleas should set forth with certainty, the commencement, *the general nature, character, objects and relief* prayed for, in the former suit.

In a plea of former decree, &c., so much of the bill and answer must be set forth as will show that the same point was then in issue. *Mitford,* 258; 14 *John. Rep.,* 501. The plea must not set up the facts *historically, but must set out the subject matter* of the suit pending, with *sufficient averments.* 3 *Atkins,* 589; 2 *Atkins,* 603. The excuse for the informality in the plea was, that the defendant had not copies of the pleadings with him in England, as the original suit was in Jamaica. The chancellor says this does not mend the matter; he ought to have applied for time to plead and answer. The court cannot allow a plea of this kind, defective in that manner.

The above authorities are conclusive as to the validity of this plea, and it cannot be allowed. Should the court, however, think differently, and if it shall think this plea well pleaded, it would only put us to an election which suit we would prosecute, even supposing both were now pending; or perhaps, order the first suit to be dismissed with costs, which was actually done before this suit was commenced. (*See Cooper's equity pleadings*, 275; *Story's equity pleadings*, 570, 572; *Beames*, 151; *Mit. Pl.*, 321.

H. T. Backus, for defendant.

The Chancellor. The plea in this case, alledges generally, that another suit is pending in the supreme court for the same cause and for the like relief. This is insufficient. The plea should set forth the general character and objects of the former suit, and the relief prayed. *Story's Eq. Pl.*, 570; 3 *Atk.*, 590. This is not done here, and the plea must be overruled as insufficient.

---

An order, pro confesso, was entered October 27, and H. T. Backus, solicitor for complainant, filed an affidavit, November 5, and moved to set aside the order, pro confesso.

He states in his affidavit, that in the order adjudging the plea to be insufficient, defendant was allowed, with leave, to file his answer; that he supposed that he had forty days within which to file his answer, and so advised the defendant; that "as he believes, the said defendant has to said bill of complaint, a good defence, to a part at least, of the amount claimed therein by way of offset," and that he had been unable to prepare the answer, &c.

The Chancellor denied the motion on the ground that the affidavit was made by the solicitor, and no reason was shown why it was not made by the party defendant himself. (1.)

(1.) The affidavit of the solicitor showing a meritorious defence, and the nature thereof, is not sufficient, unless he is himself acquainted with the facts; and even then, a sufficient excuse must be shown for not producing the affidavit or sworn answer of the defendant. *Hunt vs. Wallis*, 6 *Paige*, 372.